IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE RUIZ AGUILAR, | ) |
| *Petitioner*, | ) |
| v. | ) 1:25-cv-1958 (PTG/IDD) |
| JOSEPH SIMON, *et al.* | ) |
| *Respondents*. | ) |

## ORDER

This matter comes before the Court on a Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner Jose Ruiz Aguilar is a native and citizen of Mexico, who has been residing in the United States for seventeen years. *Id.* ¶ 1. According to the Petition, on September 20, 2025, Mr. Ruiz Aguilar was arrested while attending an air show. *Id.* ¶ 46. Since that time, Petitioner has allegedly been detained at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* The Department of Homeland Security ("DHS") has allegedly denied Petitioner's release from immigration custody. *Id.* ¶ 4.

Petitioner now brings suit against Joseph Simon, Director of Enforcement and Removal Operations in the Immigration and Customs Enforcement ("ICE") Washington Field Office, and several others, contending that his continued detention violates his constitutional rights. Respondents aver that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). Dkt. 4 at 7. Upon consideration of the Petition (Dkt. 1) and Respondents' Opposition (Dkt. 4), and Petitioner's Reply (Dkt. 5), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED in part**.

For the same reasons cited in *Hasan v. Crawford*, the Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). No. 1:25-cv-1408, 2025 WL 2682255, at *6-9 (E.D. Va. Sept. 19, 2025). The Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* at *9-19; *see* Dkt. 4 at 9. Indeed, courts have repeatedly rejected Respondents' assertion. *See, e.g., Hasan*, 2025 WL 2682255, at *6-9; *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). Instead, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has continuously resided in the United States for seventeen years. Dkt. 1 ¶ 1. As such, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge. At that hearing, the government must prove by clear and convincing evidence that Petitioner poses a danger to the community or prove by a preponderance of the evidence that Petitioner is a flight risk, if it seeks to continue detaining him. *See Rodriguez*, 747 F. Supp. 3d at 920-21 ("Accordingly, to afford [Petitioner] the process he is due at the bond hearing, the government must demonstrate by clear and convincing evidence that [Petitioner] is either a flight risk or a danger to the community."). Unless and until the government meets that burden, Petitioner's continued detention is unlawful.

Accordingly, it is hereby

**ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED in part**. The Court reserves ruling on the Petitioner's request for immediate release from detention; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to forward copies of this Order to counsel of record.

Entered this 14th day of November, 2025
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

3